UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CHRISTOPHER BERGERON                     CIVIL ACTION NO. 25-cv-1592

VERSUS                                   JUDGE VAN HOOK

STATE FARM AUTOMOBILE INSURANCE          MAGISTRATE JUDGE HORNSBY
CO

**MEMORANDUM ORDER**

State Farm Mutual Automobile Insurance Co. filed its Diversity Jurisdiction Disclosure Statement (Doc. 5) and alleged that it is "a mutual insurance company domiciled in Illinois and has its principal place of business in the State of Illinois." State Farm does not allege whether it is a corporation, LLC, or other form of entity. If it is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

If State Farm is an unincorporated entity, its citizenship is determined by the citizenship of all of its members, with its state of organization or principal place of business

being irrelevant.  <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077 (5th Cir. 2008).  "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."  <u>Settlement Funding, L.L.C. v. Rapid Settlements, Ltd</u>., 851 F.3d 530, 536 (5th Cir. 2017).  If the members are themselves entities, their citizenship must be alleged in accordance with the rules applicable to that form of entity, and the citizenship must be traced through however many layers of members or partners there may be.  <u>Mullins v. TestAmerica Inc</u>., 564 F.3d 386, 397-98 (5th Cir. 2009); <u>Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp</u>. 2018 WL 3551525 (W.D. La. 2018).

Alleging citizenship in a diversity case has proved problematic for an identically named State Farm entity in other cases.  <u>See</u>, <u>e.g</u>., <u>Khan v. State Farm Mut. Auto. Ins. Co</u>., 2024 WL 5275039 (S.D. Tex. 2024); <u>Birdow v. State Farm Mut. Auto. Ins. Co</u>., 2021 WL 5448973 (N.D. Tex. 2021).

State Farm must file, no later than **May 4, 2026**, an amended Diversity Disclosure Statement that specifically alleges whether it is a corporation, unincorporated association, or other form of entity and alleges its citizenship in accordance with the rules outlined above.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of April, 2026.



Mark L. Hornsby
U.S. Magistrate Judge